**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2016 MSPB 23**

Docket No. PH-1221-15-0449-W-1

**Kinsman Corthell,**

**Appellant,**

**v.**

**Department of Homeland Security,**

**Agency.**

June 7, 2016

Kinsman Corthell, Bow, New Hampshire, pro se.

Larry Zieff, Esquire, Williston, Vermont, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1 The appellant has filed a petition for review of the initial decision that dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons set forth below, we VACATE the initial decision and REMAND the appeal for further proceedings consistent with this Opinion and Order.

BACKGROUND

¶2 On November 25, 2014, the appellant retired from his position as a Supervisory Criminal Investigator with the agency's Office of Immigration and Customs Enforcement (ICE). Initial Appeal File (IAF), Tab 1 at 5. At some point thereafter, he filed a complaint with the Office of Special Counsel (OSC),

in which he alleged that the agency retaliated against him for disclosing fraud, waste, and abuse. *Id*. at 11. According to the notice of appeal rights issued by OSC, the appellant identified the following disclosures: that an "employee was committing time fraud because she disappeared from the office for a couple [of] hours after lunch each day; that another employee was not producing the level of work [the appellant] expected because she was working from a different location; and that [the appellant] had concerns about a trainee and proposed that he be moved to a different office." *Id*. He further alleged that management retaliated against him based on its perception that he reported other matters to the agency's Office of Inspector General (OIG) concerning other employees under investigation. *Id*. He alleged that the agency took the following retaliatory actions: placing him under investigation by the Office of Professional Responsibility; reassigning him from the Manchester, New Hampshire office to the Boston, Massachusetts office; prohibiting him from contacting other ICE employees in Manchester; denying him access to email; proposing his removal; placing him on administrative leave; and coercing him into resigning from his position because of the manner in which he was treated when he was reassigned to the Boston office. *Id*. He also alleged before OSC that an agency attorney attempted to convince him to sign a waiver form with the promise that he would receive retirement credentials and his badge mounted in Lucite. *Id*.

¶3      On May 28, 2015, OSC notified the appellant that it had closed its file, and advised him of his right to file an IRA appeal with the Board. *Id*. The appellant filed a timely Board appeal. *Id*. at 1. He attached a copy of the notice of appeal rights, which described the allegations he made before OSC, *id*. at 11, and further alleged that the agency took additional retaliatory actions, including ignoring his requests under the Freedom of Information Act, denying him per diem and lodging during his reassignment, and ignoring his requests for assistance under the Employee Assistance Program, *id*. at 2. He also alleged that the agency discriminated against him because of his age and his disclosure of medical issues.

*Id.* On the appeal form, he indicated that he also was appealing an involuntary retirement, i.e., a constructive removal. *Id.* at 2.[1]

¶4 On August 13, 2015, the administrative judge issued an order advising the appellant of the jurisdictional requirements for an IRA appeal based on a claim of retaliation for protected disclosures under 5 U.S.C. § 2302(b)(8). IAF, Tab 6. He directed the appellant to file a statement, accompanied by evidence, addressing those jurisdictional requirements. *Id.* at 6-7. As to the appellant's claim of retaliation for his perceived involvement in an OIG investigation, the administrative judge stated that the Board "has not yet decided whether an individual alleging a violation of 5 U.S.C. § 2302(b)(9) may gain protected status by claiming to have been perceived as having engaged in protected activity." *Id.* at 5.

¶5 The appellant did not respond to the administrative judge's order below. Based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant had failed to make a nonfrivolous allegation that he made a protected disclosure under 5 U.S.C. § 2302(b)(8). IAF, Tab 9, Initial Decision (ID).[2] He further found that the appellant's claims of discrimination did not provide an independent basis for Board jurisdiction. ID at 5.

¶6 On petition for review, the appellant submits numerous documents relating to his whistleblowing retaliation claims, including additional correspondence with OSC. Petition for Review (PFR) File, Tab 1. The agency has filed a

---

[1] The appellant also checked a box indicating that he was appealing a suspension of more than 14 days. IAF, Tab 1 at 2. It appears he did so in error, as he has not otherwise alleged in his pleadings that the agency suspended him.

[2] The administrative judge reasoned that the appellant's disclosures were vague, conclusory, and lacked sufficient detail to constitute nonfrivolous allegations of protected disclosures. ID at 4-5.

response, arguing that the appellant's petition does not satisfy the criteria for review.  PFR File, Tab 3.

ANALYSIS

The Board may consider a request for corrective action under 5 U.S.C. § 1221 based on a claim that an agency took or failed to take a personnel action based on its perception that the appellant engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C).

¶7      The Whistleblower Protection Act of 1989 (WPA), Pub. L. No. 101-12, 103 Stat. 16, as amended by the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-199, 126 Stat. 1465, authorizes the Board to provide corrective action for certain prohibited personnel practices.  Specifically, 5 U.S.C. § 1221(a) provides an avenue for an employee, former employee, or applicant for employment to seek corrective action before the Board "with respect to any personnel action taken, or proposed to be taken against [him] as a result of a prohibited personnel practice described in [5 U.S.C. §] 2302(b)(8) or [§] 2302(b)(9)(A)(i), (B), (C), or (D)[.]"  In the absence of a matter otherwise within the Board's jurisdiction, an employee seeking relief under 5 U.S.C. § 1221(a) first must seek corrective action with OSC before seeking corrective action before the Board.[3]  5 U.S.C. §§ 1214(a)(3), 1221(a).  In such a case, the Board proceeding is known as an IRA appeal.

¶8      To establish jurisdiction in a typical IRA appeal, an appellant must show by preponderant evidence that he exhausted his remedies before OSC, and make nonfrivolous allegations that:  (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity

---

[3] If the appellant seeks corrective action regarding a personnel action that is otherwise appealable to the Board, he may bring the matter before the Board without first seeking corrective action before OSC.  5 U.S.C. § 1221(b).

was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 6 (2014); 5 C.F.R. § 1201.57(a)(1), (c)(1); *see Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). Once jurisdiction is established, the appellant may be entitled to corrective action if he shows by preponderant evidence that he made a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and that the protected disclosure or activity was a contributing factor in the personnel action. 5 U.S.C. § 1221(e)(1); 5 C.F.R. § 1201.57(c)(4). However, the Board will not order corrective action if the agency then demonstrates by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected disclosure or activity. 5 U.S.C. § 1221(e)(2); *Shannon v. Department of Veterans Affairs,* 121 M.S.P.R. 221, ¶ 24 (2014); *see Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶¶ 12-14 (2015) (applying the burden-shifting scheme of 5 U.S.C. § 1221(e) to the reprisal for protected activity under 5 U.S.C. § 2302(b)(9)(B)).

¶9        This case differs from the typical IRA appeal in that the appellant alleges that the agency took personnel actions against him in part because of his protected disclosures under 5 U.S.C. § 2302(b)(8), but also in part because of its mistaken belief that he engaged in activity protected under 5 U.S.C. § 2302(b)(9)(C) by reporting matters to his agency's OIG. Under the latter provision, it is a prohibited personnel practice for an agency to:

> take or fail to take, or threaten to take or fail to take, a personnel action with respect to any employee or applicant for employment because of . . . cooperating with or disclosing information to the Inspector General of an agency, or the Special Counsel, in accordance with applicable provisions of law[.]

5 U.S.C. § 2302(b)(9)(C). We have not yet had the opportunity to address whether an appellant may seek corrective action under 5 U.S.C. § 1221(a) based

on a claim of reprisal for perceived 5 U.S.C. § 2302(b)(9)(C) activity.  For the reasons discussed below, we find that the Board is authorized to consider such a claim.

¶10    First, the statute speaks to the motivation of the agency, forbidding the agency to take or fail to take, or threaten to take or fail to take, a personnel action with respect to any employee or applicant for employment because of "cooperating with or disclosing information to the Inspector General of an agency."  5 U.S.C. § 2302(b)(9)(C).  It does not specify that the appellant actually must have engaged in the protected activity under 5 U.S.C. § 2302(b)(9)(C) that motivated the agency.  As to the Board's jurisdiction, 5 U.S.C. § 1221(a) provides that, if the jurisdictional requirements are otherwise met, an employee may seek corrective action before the Board with respect to any personnel action taken against that individual "as a result of *a* prohibited personnel practice" under 5 U.S.C. § 2302(b)(8) or § 2302(b)(9)(A)(i), (B), (C), or (D).  5 U.S.C. § 1221(a) (emphasis added).  Thus, the statute does not require specifically that the prohibited personnel practice for which the appellant seeks corrective action involve a protected disclosure or protected activity on the part of the appellant.  We find nothing in the legislative history of the WPA, which introduced 5 U.S.C. § 2302(b)(9)(C), or the WPEA, which extended the protections of the WPA to activity described at 5 U.S.C. § 2302(b)(9)(C), to suggest that Congress intended a narrower reading.[4]

¶11    Furthermore, a broad reading of the statute would harmonize with our existing case law holding that the protections of the WPA may be available to employees who did not make protected disclosures under 5 U.S.C. § 2303(b)(8), but were perceived as having done so.  *See King v. Department of the Army*,

---

[4] *See* S. Rep. No. 112-155 at 1, which states that the WPEA "will strengthen the rights and protections for federal whistleblowers so that they can more effectively help root out waste, fraud and abuse in the federal government."

116 M.S.P.R. 689, ¶ 6 (2011). For example, we have found that the WPA may cover a "mistaken identity" scenario, in which the relevant agency official believed the appellant made disclosures that were in fact made by another individual. *See, e.g.*, *Special Counsel v. Department of the Navy*, 46 M.S.P.R. 274, 276, 278-80 (1990). As we explained in *Special Counsel v. Department of the Navy*, failure to provide an employee with the protections of the WPA in such circumstances would discourage other employees from make protected disclosures, and such a chilling effect would contravene the purpose of the statute. *Id.* at 278-79. Similarly, we find that to exclude from the Board's jurisdiction claims of reprisal based on perceived 5 U.S.C. § 2302(b)(9)(C) activity would defeat the purpose of the statute by discouraging other employees from engaging in activity which Congress has found to be in the public interest. Although the protection in section 2309(b)(9) is for the activity of going to the OIG, it is actually the equivalent of protecting disclosures to the OIG. Given that the Board has long decided to protect disclosures it would be inconsistent not to protect this disclosure/activity as well.

¶12     In sum, we find that 5 U.S.C. § 1221(a) authorizes the Board to consider a request for corrective action where the appellant alleges that the agency violated 5 U.S.C. § 2302(b)(9)(C) by taking or failing to take a personnel action based on its perception that he engaged in activity protected under that statute. As with a claim of reprisal for perceived whistleblowing, the Board will not inquire regarding whether the appellant actually engaged in the protected activity; rather, the issue of whether the agency perceived the appellant to have engaged in the protected activity will stand in for that portion of the analysis at both the jurisdictional and merits stage of the appeal. *See King*, 116 M.S.P.R. 689, ¶ 8 (describing the analysis to be applied in a claim of retaliation for perceived whistleblowing).

¶13     Thus, to establish jurisdiction over an IRA appeal involving such a claim, the appellant must establish that he exhausted his remedies with OSC and make

nonfrivolous allegations that the agency perceived him to have engaged in the protected activity and that its perception was a contributing factor in the agency's decision to take or not take the personnel action at issue. *See Linder*, 122 M.S.P.R. 14, ¶ 6.[5]  Once jurisdiction is established, the appellant may be entitled to corrective action if he shows by preponderant evidence that the agency's perception that he engaged in activity under 5 U.S.C. § 2302(b)(9)(C) was a contributing factor in the decision to take or not take the personnel action. 5 U.S.C. § 1221(e)(1); *see King*, 116 M.S.P.R. 689, ¶ 9.  However, the Board will not order corrective action if, after finding the agency's perception of the protected activity, the agency demonstrates by clear and convincing evidence that it would have taken the same personnel action in the absence of that perception. 5 U.S.C. § 1221(e)(2); *see King*, 116 M.S.P.R. 689, ¶ 9.

¶14      An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985).  Accordingly, we remand the case to provide the appellant notice of the requirements of establishing jurisdiction over this IRA appeal concerning his claim of retaliation for perceived 5 U.S.C. § 2302(b)(9)(C) activity, and afford him the opportunity to provide evidence and argument on the issue.[6]  *See King*, 116 M.S.P.R. 689, ¶ 11.

---

[5] In considering the contributing factor element, the perception of the responsible agency official will stand in for the knowledge component of the knowledge/timing test under 5 U.S.C. § 1221(e)(1).

[6] The appellant received notice below of the jurisdictional requirements for an IRA appeal alleging a violation of 5 U.S.C. § 2302(b)(8), IAF, Tab 6, and he failed to submit evidence and argument on that issue to the administrative judge.  On review, the appellant submits a document that appears to show that he submitted a request for an extension of time to respond to the administrative judge's order.  PFR File, Tab 1 at 83. The Board's records, however, do not indicate receipt of the appellant's pleading.  In any event, the document bears a facsimile transmittal date of September 8, 2015, sixteen days after the deadline set by the administrative judge for the appellant to respond to the jurisdictional order.  *Id.*; IAF, Tab 6 at 7.  The appellant has offered no

The appellant's decision to seek corrective action before OSC concerning his alleged involuntary retirement was not a binding election and does not preclude him from filing a separate constructive removal appeal.

¶15     Under 5 U.S.C. § 7121(g), an appellant who has been subjected to an action appealable to the Board, and who alleges that he has been affected by a prohibited personnel practice other than a claim of discrimination under 5 U.S.C. § 2302(b)(1), may elect one, and only one, of the following remedies:  (1) an appeal to the Board under 5 U.S.C. § 7701; (2) a grievance filed under the provisions of a negotiated grievance procedure; or (3) a complaint following the procedures for seeking corrective action from OSC under 5 U.S.C. chapter 12, subchapters II and III.  *Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 14 (2013); *see* 5 C.F.R. § 1209.2(d)(1).

¶16     Here, the appellant raised the matter of his alleged involuntary retirement with OSC before proceeding to the Board.  IAF, Tab 1.  Ordinarily, an individual who first requests corrective action from OSC will be deemed to have made a binding election to proceed in that forum.  *Agoranos*, 119 M.S.P.R. 498, ¶ 14; 5 C.F.R. § 1209.2(d).  In such a case, the procedures for an IRA appeal apply, even if the contested personnel action would have been directly appealable to the Board.  5 C.F.R. § 1209.2(d)(2).  In adjudicating the merits of such an IRA appeal, Board will limit its inquiry to issues listed at 5 U.S.C. § 1221(e), and will not consider affirmative defenses.  5 C.F.R. § 1209.2(c).  Thus, if the appellant were to establish in the context of his IRA appeal that his retirement was involuntary, and thus tantamount to a removal, he could not pursue his discrimination claim, and any failure by the agency to provide him constitutional due process would not by itself entitle the appellant to a remedy.

---

explanation for his failure to respond or request an extension of time in a timely fashion below.  Accordingly, only the appellant's claim of retaliation for perceived 5 U.S.C. § 2302(b)(9)(C) activity need be considered on remand.

¶17 However, we have held that an election under 5 U.S.C. § 7121(g) is binding only if it was knowing and informed. *Agoranos*, 119 M.S.P.R. 498, ¶ 16. An agency's failure to inform an employee fully of his potential appeal rights under 5 U.S.C. § 7121(g) and any limitation on those rights precludes a finding that the appellant made a knowing and informed election of remedies under that provision. *Agoranos*, 119 M.S.P.R. 498, ¶¶ 15-17. Here, the agency did not issue a letter of decision or otherwise provide the appellant with the required notice, and there is no indication that he was informed through some other means. *See Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 10 (2015); *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 18 (2015). We therefore find that the appellant's decision to seek corrective action with OSC does not preclude him from filing an adverse action appeal under 5 U.S.C. chapters 75 and 77, while continuing to contest the remaining personnel actions in his IRA appeal. *See Savage*, 122 M.S.P.R. 612, ¶ 18. If the appellant elects to pursue his involuntary retirement claim separately from his IRA appeal, the adverse action appeal will not be subject to the jurisdictional requirements of an IRA appeal and will not be limited to the issues listed at 5 U.S.C. § 1221(a). *See Savage*, 122 M.S.P.R. 61, ¶ 22. On remand, the administrative judge should determine whether the appellant wishes to pursue that course of action.

## ORDER

¶18 We vacate the initial decision and remand this appeal to the regional office. On remand, the administrative judge should first determine whether the appellant wishes to pursue his alleged involuntary retirement claim separately from his IRA appeal. If the appellant does so wish, the administrative judge should docket the alleged involuntary retirement claim as an adverse action appeal under chapters 75 and 77 and adjudicate that appeal. The administrative judge also should provide the appellant notice of the jurisdictional requirements for an IRA appeal based on a claim of retaliation for perceived 5 U.S.C. § 2302(b)(9)(C)

activity and afford him an opportunity to present evidence and argument on the issue.


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.